NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KOI DESIGN LLC,

        Plaintiff - Appellee,

  v.

A. DOUGLAS MASTROIANNI,
DBA Mastroianni Law Firm,

        Defendant - Appellant.

No. 23-55724

D.C. No.
2:19-cv-07154-TJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted October 7, 2025
Pasadena, California

Before: GILMAN,[**] WARDLAW, and KOH, Circuit Judges.

    In July 2019, Koi Design LLC ("Koi") brought an adversary proceeding in

bankruptcy court against its former attorney, A. Douglas Mastroianni, and against

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Mastroianni's law firm, Marron Lawyers, APC ("Marron").[1]  Koi alleged that

Mastroianni had mishandled Koi's trademark litigation with Strategic Partners, Inc.

("SPI").  Approximately three months later, the adversary proceeding was

reassigned to the district court at Marron's request.

Thereafter, for nearly three years, Mastroianni failed to respond to Koi's

complaint or enter an appearance in the proceeding.  This led Koi to eventually

seek a default and later move for a default judgment against Mastroianni.  The

district court denied Mastroianni's cross-motion to set aside his default, and at the

same time entered a default judgment against him for $6,529,950.86.  Reviewing

the district court's decision under the abuse-of-discretion standard, *see Brandt v.*

*Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011), we affirm.

1.      As an initial matter, Mastroianni contends that the district court lacked

subject-matter jurisdiction over this adversary proceeding, rendering the default

judgment against him void.  "The existence of subject matter jurisdiction is a

question of law reviewed de novo."  *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th

Cir. 2003) (quoting *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554

(9th Cir. 1992)).  To answer that question, we must determine whether the

proceeding was "related to" Koi's Chapter 11 bankruptcy case.  *See* 28 U.S.C.

---

[1] We will resolve Koi's appeal from the district court's order granting summary judgment in favor of Marron in a separate simultaneous ruling.  *See Koi Design LLC v. Marron Lawyers, APC*, No. 23-55704.

§ 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11.").

Where, as here, the adversary proceeding was commenced prior to confirmation of the debtor's bankruptcy plan, we have held that the proceeding is a related case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 760–61 (9th Cir. 2022) (italics omitted) (quoting *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)); *see also Fietz*, 852 F.2d at 457 n.2 ("Subject matter jurisdiction should be determined as of the date that the complaint . . . was filed."). That standard is met here. Koi's bankruptcy plan assigns various interests in the potential proceeds from this lawsuit to SPI and other unsecured creditors of Koi. The district court therefore correctly concluded that it had related-to jurisdiction over this proceeding at the time it was filed.

Notwithstanding, Mastroianni also contends that the district court was divested of subject-matter jurisdiction when Koi's bankruptcy case was closed prior to entry of the default judgment. But federal "courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed." *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992). Rather, courts have discretion to decide whether to retain jurisdiction based on considerations of "economy, convenience, fairness and comity." *Id.* We review such decisions

3                                                          23-55724

under the abuse-of-discretion standard. *Id.*

Here, all four *Carraher* factors weigh in favor of retaining jurisdiction. As the district court observed, the parties have already litigated this proceeding in federal court for nearly eight years, and a final judgment has already been issued as to each party. Remanding this case to state court would not only be inconvenient and a waste of resources, but would substantially delay the recovery to Koi and its creditors. As for comity, relitigating this case in state court would risk inconsistent outcomes in light of the already-issued final judgments as to all parties. The district court also has a strong interest in retaining jurisdiction due to the direct relationship between the outcome of this case and Koi's bankruptcy plan. Accordingly, the court did not abuse its discretion in retaining subject-matter jurisdiction when it entered the default judgment against Mastroianni.

2.      Turning to the merits, Mastroianni challenges the district court's denial of his motion to set aside his default under Rule 55(c) of the Federal Rules of Civil Procedure. He does not, however, raise any specific arguments regarding the court's discretionary decision to enter a final judgment based on that default under Rule 55(b). *See Int'l Union of Bricklayers & Allied Craftsman Loc. Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief."). Consequently, the only issue that we

need to decide is whether the district court abused its discretion in denying Mastroianni's Rule 55(c) motion.  *See Brandt*, 653 F.3d at 1110.

We conclude that it did not.  Under Rule 55(c), courts consider three factors in deciding whether to set aside a default: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [the party] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice" the other party.  *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).  "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010).

Here, the district court acted within its discretion in finding that the first two factors weigh against setting aside Mastroianni's default.  The court properly held that Mastroianni was culpable for his failure to respond to Koi's complaint after being properly served with process, having actual notice of the lawsuit, and being validly served with Koi's request for the entry of his default.  *See Franchise Holding II*, 375 F.3d at 926 ("If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' its conduct is culpable."  (quoting *Direct*

*Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988))).

Mastroianni's contention that Koi improperly served process upon him by mail is meritless. Adversary proceedings are governed by the Federal Rules of Bankruptcy Procedure, which permit service by mail. Fed. R. Bankr. P. 7004(b). And courts have repeatedly upheld the constitutionality of mail service under the Due Process Clause. *See, e.g.*, *In re Cossio*, 163 B.R. 150, 156 (B.A.P. 9th Cir. 1994), *aff'd*, 56 F.3d 70 (9th Cir. 1995). Because Mastroianni challenges no other finding with regard to culpability, the district court's determination that he was culpable for his default is easily sustainable.

Mastroianni's lack of a meritorious defense to Koi's claims is an independently sufficient reason to refuse setting aside his default. In his original Rule 55(c) motion to the district court, Mastroianni proffered three purported defenses to Koi's claims, each of which the court correctly rejected. Mastroianni on appeal does not challenge the court's holding as to any of these three defenses, but instead proffers a number of new defenses that he did not previously raise below. Because Mastroianni could have raised all but one of these defenses in his original motion, we will not consider them for the first time now. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996).

6

The only purported defense that Mastroianni could not have raised previously—his contention that the district court, in granting summary judgment in favor of Mastroianni's codefendant Marron, ruled as a matter of law that attorney malpractice was not the cause of Koi's damages—is meritless. The court did not rule that Koi's damages were caused by something other than attorney malpractice; it simply found insufficient evidence that Koi's damages were caused by *Marron's* malpractice. Its decision said nothing about the merits of Koi's malpractice claims against *Mastroianni*.

In sum, the district court acted within its discretion in finding that Mastroianni was culpable for his default and that he lacked any meritorious defenses to Koi's claims. Those findings are independently sufficient reasons to deny Mastroianni's motion to set aside his default under Rule 55(c).[2]

**AFFIRMED.**

---

[2] Because we reject Mastroianni's appeal, his pending motions for summary reversal and miscellaneous relief are **DENIED** as moot.